ERIC KAFKA (*pro hac vice forthcoming*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

KARINA PUTTIEVA (SBN 317702)
JENNA WALDMAN (SBN 341491)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
kputtieva@cohenmilstein.com
jwaldman@cohenmilstein.com

PAUL HOFFMAN (SBN 71244)
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
Telephone: (424) 297-0114
Facsimile: (310) 399-7040
hoffpaul@aol.com

***Attorneys for Plaintiffs and Putative Class***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY VILLANUEVA, on behalf of J.C.; ANGELA FAUCETT, on behalf of K.F.; and LAMARTINE PIERRE, JR., on behalf of C.P., | Case No: |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| | <u>DEMAND FOR JURY TRIAL</u> |
| vs. | |
| BYTEDANCE INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; and TIKTOK U.S. DATA SECURITY INC., Defendants. | |

1

CLASS ACTION COMPLAINT

Plaintiffs Jody Villanueva, on behalf of, J.C., Angela Faucett, on behalf of K.F., and Lamartine Pierre, Jr., on behalf of C.P., individually, and on behalf of all others similarly situated, hereby file suit against the Defendants listed above and alleges the following:

## **INTRODUCTION**

1.      TikTok is one of the world's largest social media platforms, widely known for its popularity with children and young adults.

2.      TikTok is not just popular with teenagers: TikTok has millions of users who are under the age of 13.

3.      TikTok collects and uses these young children's personal information without providing direct notice to their parents or gaining their parents' verifiable consent. TikTok's conduct violates the Children's Online Privacy Protection Act of 1998 ("COPPA") and the COPPA Rule.

4.      In 2019, the Department of Justice filed a lawsuit against TikTok for violating COPPA and the COPPA Rule. In March 2019, this Court entered a Permanent Injunction prohibiting TikTok from collecting and using personal information from children under the age of 13 without notifying their parents or gaining their parents' verifiable consent.

5.      The Permanent Injunction did not stop TikTok. TikTok continues to violate COPPA. Thus, last month, the Department of Justice filed a new lawsuit against TikTok for violating COPPA and illegally collecting and using young children's personal information.

6.       Plaintiffs seek to represent millions of American children whose personal information has been unlawfully collected and used by TikTok.

7.      Plaintiffs seek to hold TikTok accountable for their repeatedly violating the rights of American children and to ensure that TikTok's misconduct is finally stopped.

CLASS ACTION COMPLAINT

1

**PARTIES**

2       8.      *Plaintiff Jody Villanueva, on behalf of her child, J.C., a minor.* Plaintiff

3   Jody Villanueva and J.C. are residents and citizens of the State of California and

4   natural persons. During the Class Period, J.C. created and used TikTok accounts

5   (while under the age of 13) and viewed content on the TikTok platform.

6       9.      *Plaintiff Angela Faucett, on behalf of her child, K.F., a minor.* Plaintiff

7   Angela Faucett and K.F. are residents and citizens of the State of Washington and

8   natural persons. During the Class Period, K.F. created and used a TikTok account

9   (while under the age of 13) and viewed content on the TikTok platform.

10      10.     *Plaintiff Lamartine Pierre, Jr., on behalf of his child, C.P., a minor.*

11  Plaintiff Lamartine Pierre, Jr. and C.P. are residents and citizens of the State of New

12  York and natural persons. During the Class Period, C.P. created and used a TikTok

13  account (while under the age of 13) and viewed content on the TikTok platform.

14      11.     Defendant TikTok Inc. is a California corporation with its principal place

15  of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230.

16  TikTok Inc. transacts or has transacted business in this District and throughout the

17  United States.

18      12.     Defendant TikTok U.S. Data Security Inc. is a Delaware corporation with

19  its principal place of business shared with TikTok Inc. TikTok U.S. Data Security Inc.

20  transacts or has transacted business in this District and throughout the United States.

21      13.     Defendant ByteDance Ltd. is a Cayman Islands company. It has had

22  offices in the United States and in other countries. ByteDance Ltd. transacts or has

23  transacted business in this District and throughout the United States.

24      14.     Defendant ByteDance Inc. is a Delaware corporation with its principal

25  place of business at 250 Bryant Street, Mountain View, California, 94041. ByteDance

26  Inc. transacts or has transacted business in this District and throughout the United

27  States.

28      15.     Defendant TikTok Pte. Ltd. is a Singapore company with its principal

3

CLASS ACTION COMPLAINT

place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore, 018960. TikTok Pte. Ltd. transacts or has transacted business in this District and throughout the United States.

16.    Defendant TikTok Ltd. is a Cayman Islands company with its principal place of business in Singapore or Beijing, China. TikTok Ltd. transacts or has transacted business in this District and throughout the United States.

17.    Collectively, Plaintiffs refer to Defendants TikTok Inc., TikTok U.S. Data Security Inc., ByteDance Ltd., ByteDance Inc., TikTok Pte. Ltd., and TikTok Ltd. as "Defendants' or "TikTok".

## **JURISDICTION**

18.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed classes, and at least one member of the classes of Plaintiffs is a citizen of a state different from the Defendant.

19.    This Court has personal jurisdiction over Defendant TikTok Inc., Defendant TikTok U.S. Data Security Inc., and Defendant ByteDance Inc. because they are headquartered in California, and conduct business in the state of California.

20.    The Court has personal jurisdiction over all of the Defendants because of Defendants' continuous and systematic business contacts with the State of California.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in, were directed to, and/or emanated from this district.

4

# FACTUAL ALLEGATIONS

## A. The Children's Online Privacy Protection Act and the COPPA Rule Require That TikTok Provide Parental Notice and Gain Parental Consent Before Collecting or Using Children's Personal Information

22.     In 1998, the Federal Trade Commission ("FTC") sent a report to Congress regarding online privacy. The FTC found that online data collection practices for children posed "unique privacy and safety concerns because of the particular vulnerability of children, the immediacy and ease with which information can be collected from them, and the ability of the online medium to circumvent the traditional gatekeeping role of the parents."[1]

23.     The FTC report recommended that, "Congress develop legislation placing parents in control of the online collection and use of personal information from their children. Such legislation would require websites that collect personal identifying information from children to provide actual notice to parents and obtain parental consent."[2]

24.     Later that year, Congress enacted the Children's Online Privacy Protection Act of 1998 ("COPPA").

25.     COPPA directed the FTC to promulgate a rule implementing COPPA. The FTC promulgated the COPPA Rule on November 3, 1999.

26.     The COPPA Rule sets requirements for any "operator of a Web site or online service directed to children, or any operator that has actual knowledge that it is collecting or maintaining personal information from a child [under the age of 13]." Section 312.3 of COPPA Rule, 16 C.F.R. §§ 312.3.

27.     The COPPA Rule requirements apply to TikTok. TikTok is directed to children, and Tiktok has actual knowledge that it is collecting Personal Information

---

[1] MARTHA K. LANDESBERG ET AL., FEDERAL TRADE COMMISSION, PRIVACY ONLINE: A REPORT TO CONGRESS iii (1998) at 4-5.

[2] *Id*. at iii.

CLASS ACTION COMPLAINT

from Children.

28.    The COPPA Rule has two requirements that are particularly pertinent to this case: (1) parental notice and (2) parental consent.

29.    First, pursuant to the COPPA Rule, TikTok must provide direct notice to parents, notifying them of "what information it collects form children, how it uses such information and its disclosure practices for such information." 16 C.F.R. §§ 312.3(a); 312.4.

30.    Second, pursuant to the COPPA Rule, TikTok must "[o]btain verifiable parental consent prior to any collection, use, and/or disclosure of personal information from children." 16 C.F.R. §§ 312.3(b); 312.5.

31.    The COPPA Rule defines "Personal Information," as "[I]ndividually identifiable information about an individual collected online, including:

(1) A first and last name;

(2) A home or other physical address including street name and name of a city or town;

(3) Online contact information as defined in this section;

(4) A screen or user name where it functions in the same manner as online contact information, as defined in this section;

(5) A telephone number;

(6) A Social Security number;

(7) A persistent identifier that can be used to recognize a user over time and across different Web sites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

(8) A photograph, video, or audio file where such file contains a child's image or voice;

(9) Geolocation information sufficient to identify street name and name

CLASS ACTION COMPLAINT

of a city or town; or

(10) Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition."

Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

32.  Plaintiffs use the same definition of "Personal Information" from Section 312.2 of the COPPA Rule for this Complaint.

33.  The COPPA Rule defines "Child" as "an individual under the age of 13." Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

**B. TikTok Has Repeatedly and Persistently Violated COPPA**

34.  TikTok's predecessor Musical.ly launched in 2014. Musical.ly was a social media platform where users could create and share short lip-sync videos.

35.  By 2016, New York Times tech reporter John Herrman wrote an article about the prevalence of children under the age of 13 on Musical.ly, explaining that "[w]hat is striking about the app, though, is how many of its users appear to be even younger than" than 13.[3] Mr. Herrman wrote:

> The app does not collect or show the age of its users, but some of its top-ranked users, whose posts routinely collect millions of likes, called hearts, appear from their videos and profile photos to be in grade-school. Until recently, the app had a feature that suggested users to follow based on their location. *In New York, that feature revealed a list composed largely not just of teenagers, but of children*.[4]

36.  The CEO of a social media advertising agency told the New York Times that with Muscial.ly users, "you're talking about first, second, third grade."[5]

---

[3] Josh Herrman, *Who's Too Young for an App? Musical.ly Tests the Limits*, New York Times, Sept. 16, 2016, https://www.nytimes.com/2016/09/17/business/media/a-social-network-frequented-by-children-tests-the-limits-of-online-regulation.html.

[4] *Id*. (emphasis added).

[5] *Id*.

CLASS ACTION COMPLAINT

37.    As Musical.ly was gaining popularity among elementary school kids in the United States, Beijing-based ByteDance Ltd. crated TikTok in 2017.

38.    On November 9, 2017, ByteDance Ltd. purchased Musical.ly for almost $1 billion. On August 2, 2018, TikTok merged with Muiscal.ly, consolidating the accounts and data into one application.

39.    In February 2019, the United States Department of Justice filed a complaint against TikTok's predecessors, Musical.ly and Musical.ly, Inc., alleging violations of the COPPA Rule and Section 5 of the FTC Act, 15 U.S.C. § 45.

40.    The Department of Justice alleged that TikTok's Musical.ly predecessors had collected and used personal information from children younger than 13 in violation of COPPA, including by (1) failing to directly notify parents of the information it collects online from children under 13 and how it uses such information and (2) failing to obtain verifiable parental consent before any collection or use of personal information from children under 13. *United States v. Musical.ly, et al*., No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019) (Dkt. No. 1).

41.    In March 2019, the Honorable Otis D. Wright II entered a Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief against TikTok's predecessors. *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Mar. 27, 2019) (Dkt. No. 10) (2019 Permanent Injunction).

42.    As part of the 2019 Permanent Injunction, TikTok's predecessors were enjoined from violating the COPPA Rule, including by (1) "failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendants' practices with regard to the collection, use, or disclosure of personal information from children" and (2) "failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children." 2019 Permanent Injunction at 8.

43.    In 2019, Muiscal.ly was renamed TikTok Ltd., and Musical.ly Inc. was renamed TikTok Inc. This renaming did not change the companies' obligations under

8

the 2019 Permanent Injunction.

**C. Despite the Permanent Injunction, TikTok Collects and Uses Children's Personal Information Without Parental Notification or Consent**

44.     Despite the 2019 Permanent Injunction, millions of American children under the age of 13 continue to join TikTok. And, TikTok continues to collect and use their Personal Information.

45.     When users create a TikTok account, TikTok uses an "age gate" and requires that the user provide their birthday – the day, month, and year.

46.     Since at least March 2019, if a Child enters a birthday that indicates that they are 13 years old or over, then they are provided with a regular TikTok account.

47.     Since at least March 2019, if a Child enters a birthday that indicates that they are younger than 13 years old, then they are provided with a "TikTok For Younger Users" or "Kids Mode" account. TikTok does not notify parents or obtain parental consent for Kids Mode accounts.

48.     Children with Kids Mode accounts can view videos but cannot post videos.

49.     TikTok's "age gate" is insufficient. Other than asking for their birthday, TikTok makes no other attempt during the sign-in process to verify the user's age.

50.     TikTok and its employees have long known that children misrepresent their ages to pass through TikTok's age gate, and that despite other measures purportedly designed to remove children from the platform, children are ubiquitous.

51.     TikTok's internal company data and documents classified 18 million of its 49 million daily users in the United States as being 14 years or younger.[6]

52.     A former TikTok employee said that TikTok employees had pointed out videos from children who appeared to be younger than 13 that were allowed to remain

---

[6] Raymond Zhong & Sheera Frenkel, *A Third of TikTok's U.S. Users May Be 14 or Under, Raising Safety Questions*, New York Times, Aug. 14, 2020, https://www.nytimes.com/2020/08/14/technology/tiktok-underage-users-ftc.html.

1  online for weeks.[7]

2      53.    Defendants use human content moderators to review flagged accounts

3  that potentially belong to children. In January 2020, for example, a TikTok moderator

4  recognized that Defendants maintain accounts of children despite the "fact that we

5  know the user is U13," i.e., under the age of 13, so long as the child's profile does not

6  admit that fact explicitly.

7      54.    Another employee admitted that TikTok moderators were required to

8  ignore any "external information" indicating that a user under review is a child.

9      55.    As another example, in a July 2020 chat, one of Defendants' employees

10 circulated the profiles of numerous underage users he had identified "literally through

11 one minute of scanning," noting "[t]his is incredibly concerning and needs to be

12 addressed immediately."

13     56.    TikTok utilizes internal algorithms to predict user's ages based on their

14 online behavior. However, TikTok refuses to use its age-prediction algorithm to

15 identify children under the age of 13 and stop them from using regular TikTok

16 accounts.

17     57.    Furthermore, until at least May 2022, TikTok allowed consumers to

18 avoid the age gate when creating a TikTok account by allowing consumers to use

19 login credentials from certain third-party online services, including Instagram and

20 Google. Children were permitted to create TikTok accounts without entering their

21 birthday if they used login credentials from Google. However, Google allowed

22 children under the age of 13 to create Google accounts with parental consent to use

23 Google.

24     58.    Regardless of whether a Child uses a regular TikTok account or a Kids

25 Mode account, TikTok violates the COPPA Rule by collecting and using their

26 Personal Information without parental notice and consent.

27
_____

28     [7] *Id*.

10

CLASS ACTION COMPLAINT

59.    TikTok's insufficient age verification policies resulted in millions of Children gaining access to regular TikTok accounts and to the adult content and features of a regular TikTok account.

60.    For Children with regular TikTok accounts, TikTok collects Personal Information about them, including first and last name, age, email address, phone number, persistent identifiers for the device(s) used to access TikTok, social media account information, and profile image(s), as well as photographs, videos, and audio files containing the user's image and voice and the metadata associated with such media (such as when, where, and by whom the content was created), usage information, device information, location data, image and audio information, metadata, and data from cookies and similar technologies that track users across different websites and platforms.

61.    For Children with Kids Mode accounts, TikTok still collects Personal Information about them, including several types of persistent identifiers, including IP address and unique device identifiers. TikTok also collects app activity data, device information, mobile carrier information, and app information from Children using Kids Mode accounts—which it combines with persistent identifiers and uses to amass profiles on children.

62.    In August 2024, the Department of Justice filed a new complaint alleging that TikTok violated COPPA and the COPPA Rule, including by (1) knowingly creating accounts for children and collecting data from those children without first notifying their parents and obtaining verifiable parental consent; (2) failing to honor parents' requests to delete their children's accounts and information; and (3) failing to delete the accounts and information of users it knows are children.

11

CLASS ACTION COMPLAINT

**D. TikTok Generates Revenue from Its Unlawful Conduct by Advertising to Children**

63.     TikTok is a short-form video social media platform. TikTok is a short-form video social media platform.

64.     In January 2024, TikTok reported that it had approximately 170 million monthly active users in the United States.

65.     TikTok earns a substantial amount of its revenue from advertising.

66.     TikTok reported that it earned $16 billion in revenue in the United States in 2023.

67.     TikTok uses the Personal Information collected from children (under the age of 13) to target them with advertising.

68.     TikTok targets users with specific advertisements by collecting persistent identifiers about the users and combining the identifiers with other information about the users.

69.     In other words, TikTok targets specific advertisements to children (under the age of 13) by violating COPPA. Thus, a substantial portion of the revenue that TikTok earns from advertisements that are served on children (under the age of 13) is a direct and proximate result of TikTok's violation of COPPA.

70.     TikTok's algorithm is trained on data collected from users via the TikTok platform and from third-party sources. Such data include videos viewed, "liked," or shared, accounts followed, comments, content created, video captions, sounds, and hashtags, as well as device and account settings such as language preference, country setting, and device type.

71.     TikTok combines this collected data with children's persistent identifiers. The collected data is thus Personal Information. Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

72.     TikTok also provides targeting options to advertisers that are based on this collected Personal Information.

12

CLASS ACTION COMPLAINT

73.   For example, for behavioral targeting, TikTok targets users based on their interactions with organic and paid content, including the types of videos the user viewed.

74.   For example, for interest targeting, TikTok's algorithm analyzes users' long-term platform activities.

**E. Plaintiffs' Allegations**

    ***i.***      ***Plaintiff Jody Villanueva, on behalf of her child, J.C., a minor***

75.   This action is brought on J.C.'s behalf by Plaintiff Jody Villanueva.

76.   During the Class Period, J.C. created and used TikTok accounts (while under the age of 13) and viewed content on the TikTok platform.

77.   J.C. created a TikTok account when she was approximately 8 years old.

78.   During the Class Period, Defendants collected J.C.'s Personal Information for the purpose of tracking J.C.'s activity and utilizing targeted advertisements.

79.   Defendants never obtained consent from nor notified J.C.'s parent and legal guardian, Jody Villanueva, at any point prior to or during its collection and use of J.C.'s Personal Information.

*80.*   Defendants were bound by the 2019 Permanent Injunction that prohibited Defendants from collecting Personal Information from children under the age of 13, and therefore this conduct could not have reasonably been discovered earlier through investigation.

    ***ii.***      ***Plaintiff Angela Faucett, on behalf of her child, K.F., a minor***

81.   This action is brought on K.F.'s behalf by Plaintiff Angela Faucett.

82.   During the Class Period, K.F. created and used a TikTok account (while under the age of 13) and viewed content on the TikTok platform.

83.   K.F. created a TikTok account when she was approximately 9 or 10 years old.

84.   During the Class Period, Defendants collected K.F.'s Personal

13

1  Information for the purpose of tracking K.F.'s activity and utilizing targeted
2  advertisements.

3    85.    Defendants never obtained consent from nor notified K.F.'s parent and
4  legal guardian, Angela Faucett, at any point prior to or during its collection and use of
5  K.F.'s Personal Information.

6    *86.*    Defendants were bound by the 2019 Permanent Injunction that prohibited
7  Defendants from collecting Personal Information from children under the age of 13,
8  and therefore this conduct could not have reasonably been discovered earlier through
9  investigation.

10    ***iii.    Plaintiff Lamartine Pierre, Jr., on behalf of his child, C.P., a minor.***

11    87.    This action is brought on C.P.'s behalf by Plaintiff Jody Villanueva.

12    88.    During the Class Period, C.P. created and used a TikTok account (while
13  under the age of 13) and viewed content on the TikTok platform.

14    89.    C.P. created a TikTok account when she was approximately 12 years old.

15    90.    During the Class Period, Defendants collected C.P.'s Personal
16  Information for the purpose of tracking C.P.'s activity and utilizing targeted
17  advertisements.

18    91.    Defendants never obtained consent from nor notified C.P.'s parent and
19  legal guardian, Lamartine Pierre, Jr., at any point prior to or during its collection and
20  use of C.P.'s personal information.

21    92.    Defendants were bound by the 2019 Permanent Injunction that prohibited
22  Defendants from collecting Personal Information from children under the age of 13,
23  and therefore this conduct could not have reasonably been discovered earlier through
24  investigation.

25    **CLASS ALLEGATIONS**

26    93.    Plaintiff re-alleges and incorporates by reference herein all of the
27  allegations contained above.

28    94.    The Class Period is defined as March 28, 2019 to the present.

14

95.     Neither Plaintiffs nor Class Members could have discovered the misconduct by TikTok that gives rise to their causes of action because (i) TikTok purported to be abiding by the 2019 Permanent Injunction and (ii) TikTok concealed its misconduct.

96.     Plaintiffs allege that all applicable statutes of limitation have been tolled by the discovery rule and by TikTok's fraudulent concealment.

97.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), Plaintiff asserts claims on behalf of the following "Classes:"

**National Class**: All United States residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand.

**California Class:** All California residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand.

**Washington Class:** All Washington residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand.

**New York Class:** All New York residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand.

CLASS ACTION COMPLAINT

98.    Excluded from the Classes are Defendants, any entity in which the Defendants have a controlling interest, and Defendants' officers, directors, legal representatives, successors, and subsidiaries. Also excluded from the Classes are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

99.    This action has been brought and may properly be maintained as a class action as it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of Rule 23(b)(3). Plaintiffs seek to represent ascertainable Classes, as determining inclusion in the class can be done through TikTok's own records and/or the records of third parties.

100.    Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded, divided into subclasses, or modified in any other way.

101.    Although the precise number of Class Members is unknown and can only be determined through appropriate discovery, publicly available information indicates that TikTok collected and used the Personal Information of millions of American children (under the age of 13) during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand. Plaintiffs thus believe that the proposed Class is so numerous that joinder of all members would be impracticable.

102.    Questions of law and fact common to the putative Classes predominate over questions affecting only individual members, including *inter alia*:

a.    Whether TikTok has or had a practice of collecting Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

b.    Whether TikTok has or had a practice of using Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

c.    Whether TikTok's practices violate the Children's Online Privacy

16

CLASS ACTION COMPLAINT

Protection Act of 1998 ("COPPA") and the Children's Online Privacy Protection Rule

("COPPA Rule");

      d.    Whether TikTok engaged in unlawful business practices;

      e.    Whether TikTok engaged in unfair business practices;

      f.    Whether TikTok has unjustly received and retained monetary benefits

from Plaintiffs' minor children and Class Members by profiting off the use of their

Personal Information; and

      g.    Whether Class Members are entitled to damages and/or restitution, and if

so, the method of computing damages and/or restitution.

103. Plaintiffs are members of the putative Classes. The claims asserted by

Plaintiffs in this action are typical of the claims of the members of the putative

Classes, as the claims arise from the same course of conduct by the Defendants and

the relief sought is common.

104. Plaintiffs will fairly and adequately represent and protect the interests of

the Class Members, as their interests are coincident with, and not antagonistic to, the

other Class Members.

105. Plaintiffs have retained counsel competent and experienced in both

consumer protection and class action litigation. Plaintiffs' counsel has experience

litigating some of the largest and most complex consumer class actions.

106. Certification of the Classes is appropriate pursuant to Fed. Rule of Civil

Procedure 23(b)(3) because questions of law or fact common to the respective

members of the Class predominate over questions of law or fact affecting only

individual members. This predominance makes class litigation superior to any other

method available for the fair and efficient adjudication of these claims including

consistency of adjudications. Absent a class action, it would be highly unlikely that

the members of the Classes would be able to protect their own interests because the

cost of litigation through individual lawsuits might exceed the expected recovery.

107. A class action is a superior method for the adjudication of the

CLASS ACTION COMPLAINT

controversy in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

108.   Plaintiffs intend to provide direct notice to Class Members through the TikTok platform and through e-mail.

109.   In the alternative, the Classes should be certified pursuant to Federal Rule of Civil Procedure 23(b)(2) because:

110.   The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for TikTok;

111.   The prosecution of individual actions could result in adjudications, which as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

112.   TikTok has acted or refused to act on grounds generally applicable to the proposed Classes, thereby making appropriate final and injunctive relief with respect to the members of the proposed Classes as a whole.

## **CAUSES OF ACTION**
### **FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
Cal. Bus. & Prof. § 17200, *Et. Seq.*
(Asserted by Plaintiffs Villanueva, Faucett, and Pierre on Behalf of National Class and by Plaintiff Villanueva on Behalf of the California Class)

113.   Plaintiffs re-allege and incorporate by reference herein all of the allegations above.

114.   California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et

seq. ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice."

115.   TikTok violated the UCL by engaging in the "unlawful" and "unfair" business acts and practices alleged previously, and as further specified below.

116.   TikTok engaged in "unlawful" business acts and/or practices by violating the Children's Online Privacy Protection Act of 1998 ("COPPA") and the Children's Online Privacy Protection Act Rule ("COPPA Rule").

117.   TikTok violated Sections 312.3, 312.4, and 312.5 of COPPA, 16 C.F.R. §§ 312.3-5, by collecting and using Personal Information from Plaintiffs' minor children and Class Members (children younger than 13 years old) without notifying their parents and obtaining verifiable parental consent.

118.   TikTok engaged in "unfair" business acts and/or practices by collecting and using Personal Information from Plaintiffs' minor children and Class Members (children younger than 13 years old) without notifying their parents and obtaining verifiable parental consent. This practice is unethical, unscrupulous, and substantially injurious to children, and thus constitutes an unfair practice under the UCL. The harm these practices caused to Plaintiffs' minor children and Class Members outweigh their utility, if any.

119.   Plaintiffs have standing to bring these claims under the UCL. As a direct and proximate result of TikTok's unlawful and unfair business acts and practices, Plaintiffs' minor children and Class Members were injured and lost money or property.

120.   First, as a direct and proximate result of Tiktok's unlawful and unfair business acts and practices, Plaintiffs' minor children and Class Members suffered "benefit-of-the-bargain" injuries and damages. Plaintiffs' minor children and Class Members did not receive the full benefit of the bargain, and instead received services from TikTok that were less valuable than the services they would have received if TikTok had abided by COPPA.

121.   Plaintiffs' minor children and Class Members, therefore, were damaged

19

in an amount at least equal to the difference in value of the TikTok service that Plaintiffs' minor children and Class Members received (where TikTok collected and used children's Personal Information without notifying their parents or gaining their parents' consent) and the value of the TikTok service that Plaintiffs' minor children and Class Members would have received if TikTok had abided by COPPA (and not collected and used children's Personal Information without notifying their parents or gaining their parents' consent).

122.    Second, as a direct and proximate result of TikTok's unlawful and unfair business acts and practices, Plaintiffs' minor children and Class Members suffered "right to exclude" injuries and damages.

123.    Plaintiffs' minor children and Class Members have a property interest in the Personal Information collected by TikTok. Plaintiffs' minor children and Class Members suffered an economic injury because they were deprived of their right to exclude TikTok from their Personal Information.

124.    Plaintiffs' minor children and Class Members' damages may also be measured by the amount of monetary compensation that TikTok would have to provide to parents to gain their consent to collect and use their children's Personal Information.

125.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek equitable relief to enjoin TikTok from continuing its unlawful and unfair practices and any other equitable relief necessary to secure the interests of the Class Members.

126.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs request that the Court restore to Plaintiffs and the Class, in the form of restitution, all money TikTok may have acquired as result of its unlawful and unfair business practices.

127.    Plaintiffs allege that they lack an adequate remedy at law. The restitution that Plaintiffs seek under the UCL is not the same remedy as disgorgement for unjust enrichment.

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### UNJUST ENRICHMENT

(Asserted by Plaintiffs Villanueva, Faucett, and Pierre on Behalf of a National Class and, in the alternative by Plaintiff Villanueva on Behalf of the California Class, Plaintiff Pierre on Behalf of the New York Class, and Plaintiff Faucett on Behalf of the Washington Class)

128.  Plaintiffs re-allege and incorporate by reference herein all of the allegations contained above.

129.  TikTok has unjustly received and retained monetary benefits from Plaintiffs' minor children and Class Members by profiting off the use of their Personal Information under unjust circumstances such that inequity has resulted.

130.  TikTok knowingly obtained benefits from Plaintiffs' minor children and Class Members as alleged herein under circumstances such that it would be inequitable and unjust for TikTok to retain them.

131.  TikTok has been knowingly enriched by revenues and profits it received from unjustly and illegally collecting and using the Personal Information of children under the age of 13 to build profiles and target advertisements to those children.

132.  TikTok failed to obtain legally valid consent from Plaintiffs' minor children and Class Members to collect and use their Personal Information.

133.  Thus, TikTok will be unjustly enriched if it is permitted to retain the benefits derived from the illegal collection and usage of Plaintiffs' minor children and Class Members' Personal Information.

134.  Plaintiffs' minor children and Class Members are therefore entitled to relief, including disgorgement of all revenues and profits that TikTok earned as a result of its unlawful and wrongful conduct.

CLASS ACTION COMPLAINT

1
2
3
4

### THIRD CAUSE OF ACTION

**WASHINGTON CONSUMER PROTECTION ACT,**

Wash. Rev. Code. § 19.86.010, *et seq*

(Asserted by Plaintiff Faucett on Behalf of the Washington Class)

5    135.    Plaintiffs re-allege and incorporate by reference herein all of the
6    allegations contained above.

7    136.    Washington Plaintiff, the Washington Class Members, and TikTok are
8    "persons" within the meaning of Wash. Rev. Code § 19.86.010(2).

9    137.    TikTok committed the acts complained of herein in the course of "trade"
10    or "commerce" within the meaning of Wash. Rev. Code § 19.96.010.

11    138.    TikTok engaged in consumer-oriented conduct by offering and
12    promoting its TikTok social media platform.

13    139.    Washington's Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et*
14    *seq*. ("CPA") prohibits "unfair methods of competition and unfair or deceptive acts or
15    practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020.

16    140.    The Washington CPA instructs that, in construing the Washington CPA,
17    the courts will be "guided by final decisions of the federal courts and final orders of
18    the federal trade commission interpreting the various federal statutes dealing with the
19    same or similar matters." Wash. Rev. Code § 19.86.920.

20    141.    TikTok violated the Washington CPA by engaging in the "unlawful"
21    business acts and practices alleged previously, and as further specified below.

22    142.    TikTok engaged in "unfair" business acts and/or practices by violating
23    COPPA and the COPPA Rule.

24    143.    TikTok violated Sections 312.3, 312.4, and 312.5 of COPPA, 16 C.F.R.
25    §§ 312.3-5, by collecting and using Personal Information from Plaintiffs' minor
26    children and Class Members (children younger than 13 years old) without notifying
27    their parents and obtaining verifiable parental consent.

28    144.    TikTok's business practices alleged herein are unethical, unscrupulous,

CLASS ACTION COMPLAINT

and substantially injurious to children, and thus constitute an unfair practice under the Washington CPA. The harm these practices caused to Plaintiffs' minor children and Class Members outweigh their utility, if any.

145.   As a direct and proximate result of TikTok's unfair business acts and practices, Plaintiffs' minor children and Class Members were injured and lost money or property.

146.   First, as a direct and proximate result of Tiktok's unfair business acts and practices, Plaintiffs' minor children and Class Members suffered "benefit-of-the-bargain" injuries and damages. Plaintiffs' minor children and Class Members did not receive the full benefit of the bargain, and instead received services from TikTok that were less valuable than the services they would have received if TikTok had abided by COPPA.

147.   Plaintiffs' minor children and Class Members, therefore, were damaged in an amount at least equal to the difference in value of the TikTok service that Plaintiffs' minor children and Class Members received (where TikTok collected and used children's Personal Information without notifying parents or gaining their parents' consent) and the value of the TikTok service that Plaintiffs' minor children and Class Members would have received if TikTok had abided by COPPA (and not collected and used children's Personal Information  without notifying parents or gaining their parents' consent).

148.   Second, as a direct and proximate result of TikTok's unlawful and unfair business acts and practices, Plaintiffs' minor children and Class Members suffered "right to exclude" injuries and damages.

149.   Plaintiffs' minor children and Class Members have a property interest in the Personal Information collected by TikTok. Plaintiffs' minor children and Class Members suffered an economic injury because they were deprived of their right to exclude TikTok from their Personal Information.

150.   Plaintiffs' minor children and Class Members' damages may also be

CLASS ACTION COMPLAINT

1  measured by the amount of monetary compensation that TikTok would have to
2  provide to parents to gain their consent to collect and use their children's Personal
3  Information.

4       151.   Plaintiffs' minor children and Class Members seek restitution for monies
5  wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive
6  relief, actual damages, treble damages, attorney's fees and other relief allowable under
7  Wash. Rev. Code § 19.86.090.

8                    **<u>PRAYER FOR RELIEF</u>**

9       **WHEREFORE,** Plaintiffs, on behalf of their minor children and the Classes,
10  seek the following relief:

11       A.    An order certifying this action as a class action under Fed. R. Civ. P.
12  23(b)(2) and/or (b)(2), defining the Class as requested herein, appointing Cohen
13  Milstein Sellers & Toll PLLC, as Class Counsel, and finding that Plaintiffs are proper
14  representatives of the Classes requested herein.

15       B.    Damages, including compensatory damages, actual damages, and benefit-
16  of-the-bargain damages, and nominal damages.

17       C.    Restitution.

18       D.    Disgorgement to Plaintiffs and the Class of all monies TikTok
19  wrongfully obtained and retained.

20       E.    Punitive and Exemplary Damages.

21       F.    Attorneys' fees.

22       G.    Reasonable costs incurred in connection with this action, including expert
23  witness fees, and other costs as provided by law.

24       H.    Prejudgment interest commencing on the date of the legal violations and
25  continuing through the date of the entry of judgment in this action.

26       I.    Equitable and declaratory relief.

27       J.    Injunctive relief.

28       K.    Any other relief available under the claims brought by Plaintiffs.

CLASS ACTION COMPLAINT

1       L.     Granting such other relief as the Court deems proper.

2                               **JURY TRIAL DEMAND**

3       Plaintiff hereby request a jury trial for all issues so triable of right.

4

5

6 Dated:  September 17, 2024

7

8                               By:  */s/ Paul Hoffman*

9                                 Eric Kafka *(pro hac vice forthcoming)*

10                                 **COHEN MILSTEIN SELLERS &
TOLL PLLC**

11                                 88 Pine Street, 14th Floor
New York, NY 10005

12                                 Telephone: (212) 838-7797
Facsimile: (212) 838-7745

13                                 ekafka@cohenmilstein.com

14                                 Karina Puttieva (SBN 317702)
Jenna Waldman (SBN 341491)

15                                 **COHEN MILSTEIN SELLERS &
TOLL PLLC**

16                                 1100 New York Ave. NW, Fifth Floor
Washington, DC 20005

17                                 Telephone: (202) 408-4600
Facsimile: (202) 408-4699

18                                 kputtieva@cohenmilstein.com
jwaldman@cohenmilstein.com

19                                 PAUL HOFFMAN (SBN 71244)

20                                 **SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP**

21                                 200 Pier Ave., Suite 226
Hermosa Beach, CA 90254

22                                 Telephone: (424) 297-0114
Facsimile: (310) 399-7040

23                                 hoffpaul@aol.com

24                                 ***Attorneys for Plaintiffs and Putative Class***

25

26

27

28

CLASS ACTION COMPLAINT